UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RICHARD E. WEBB, | ) | CASE NO. 3:06 CV 1916 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| JAMES S. NOWAK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 10, 2006, plaintiff pro se Richard E. Webb filed the above-captioned action against Attorney James S. Nowak and Lucas County, Ohio Probate Court Judge Jack R. Puffenberger. In the complaint, plaintiff alleges that several incorrect decisions were made in two probate court cases in which Mr. Webb was an interested party. He seeks $ 40,000.00 for the denial of his "right to have justice administer [sic] in my suit in due course," rewriting of his father's Last Will and Testament to reapportion the distribution to the heirs, and an order from this court vacating the probate court's prior administration of his father's estate. (Compl. at 19.) Mr. Webb also filed an Application to Proceed In Forma Pauperis. That Application is granted.

## Background

Richard Webb's father, Clifford Webb, died in December 2001 in Toledo, Ohio,

leaving a Last Will and Testament ("Will") which was drafted by Mr. Nowak. Although the entire Will is not set forth in any of the voluminous materials presented by Richard Webb, it appears that Clifford Webb bequeathed and devised 50% of his estate to his four children, James Webb, Thomas Webb, Deanna Joan Durfey, and Richard Webb, and 50% to his grandchildren which were living at the time of his death. The one-eighth shares of James Webb and Deanna Durfey were bequeathed as outright distributions from the estate. The one-eighth shares of Thomas Webb and Richard Webb were held in trust for their benefit. Richard Webb's portion of the estate was to be held by the trustee for his benefit and paid to Mr. Webb in such amounts as the trustee, in his sole discretion, deemed appropriate. Upon Richard Webb's death, the remainder of the trust estate, if any, would be paid to his children. Clifford Webb's second wife, Lois Webb, was named as the Executrix of the Will, and Mr. Nowak was named as the trustee for Mr. Webb's trust.[1]

Richard Webb states that shortly after his father's death, he asked Mr. Nowak to send him a copy of the Will but Mr. Nowak did not immediately comply. He indicates he then petitioned the probate court and asked that Judge Jack Puffenberger investigate the matter and require Mr. Nowak or Lois Webb to bring the Will into court to be examined. Richard Webb contends that instead of producing a copy of the Will for examination, Mr. Nowak filed an estate and an application to probate the Will, which the court approved. Richard Webb claims that this was an improper action because he had expressed his intention of examining the Will prior to the initiation of the estate, and was therefore deprived of the opportunity to contest the Will.

Furthermore, Richard Webb is clearly displeased with the terms of his inheritance.

---

[1] Richard Webb does not provide the court with the portion of the Will concerning the trust held for the benefit of Thomas Webb. It is not clear whether the same provisions govern that portion of the trust.

He claims this Will has injured his reputation by making it appear to the public that he is an individual who needs a person to manage his finances and to make the determination of which expenditures are appropriate. He further claims that Mr. Nowak is infringing on his right to equality in relation to the other heirs by accepting his appointment as trustee.

Richard Webb contends that, in order to protect his reputation, he filed an action in probate court against Mr. Nowak and Lois Webb on August 7, 2002. He claims that at this point, Judge Puffenberger denied him the "right to have justice administer[ed] in [his] suit." (Compl. at 19.) He states that although Judge Puffenberger was required to serve a copy of the complaint on the defendants ordering them to appear in court to answer within 28 days, he did not do so. He claims that instead, the Judge permitted Mr. Nowak to pick up a copy of the pleading in court. On August 28, 2002, Mr. Nowak filed a Wavier of Service acknowledging receipt of the complaint. Richard Webb alleges that the defendants concealed the nature of this document from him by referring to it on the docket as an "Entry of Appearance and Consent." (Compl. at 6.) Mr. Webb did not understand this entry to signify Mr. Nowak's receipt of the complaint. He claims that Judge Puffenberger erred in allowing Mr. Nowak to file a Waiver of Service because OHIO R. CIV. P. 3 dictates that an action is commenced upon service of process, and therefore an active case cannot exist unless the court's docket reflects a returned summons.[2]

To further add to Mr. Webb's confusion, Mr. Nowak did not file an answer to the

---

[2] Mr. Webb also seems to confuse the Ohio Rules of Civil Procedure and the Federal Rules of Civil Procedure. He indicates that he may prefect service by sending a copy of the complaint to the defendants along with a Waiver of Service form and "offer[ing] the defendant the option of waiving service of summons by the U.S. Court, thereby acknowledging his obligation to answer the complaint by the time limits of the federal rules." (Compl. at 9.) The Ohio Rules of Civil Procedure, and not the Federal Rules of Civil Procedure would apply to an action filed in an Ohio state court.

3

complaint. Mr. Webb calculated that an answer was due from the defendants no later than September 28, 2002. He indicates that Mr. Nowak did not respond to the complaint until November 18, 2002 and did not file an answer but instead filed a Motion to File Pleadings Instanter. Attached to the Motion was the defendant's proposed Motion to Dismiss pursuant to OHIO R. CIV. P. 12(b)(6). Mr. Webb opposed the Motion. On January 15, 2003, Judge Puffenberger granted the Motion and dismissed the action. Mr. Webb claims that decision was also improper because, he reasons, judges lack the constitutional authority to dismiss cases. He states that judges lack authorization under the Ohio constitution to issue opinions interpreting the law. He contends that when judges issue an opinion, they make case law, and making laws is the sole province of the legislature. He claims judges only have the authority to hear a case at trial and then signify which party obtains the favorable decision by issuing a sentence, as distinguished from a paragraph or a multiple sentence opinion which explains the ruling. He declares that because Judge Puffenberger lacked the authority to dismiss his case without a trial, his ruling was also in error.

Mr. Webb asks that this court vacate the orders of the Lucas County Probate Court due to the alleged errors of Judge Puffenberger. He asks that the probate of the Will be withdrawn, the Will destroyed and a new Will devised for his father. Mr. Webb seeks to have his portion of the estate delivered to him outright, and not in trust, and seeks an equal share of the real estate, which was not awarded to him under the Will. He also requests monetary compensation from Judge Puffenberger, and Attorney James Nowak for conspiring to deny him justice in his civil suits.

## **Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is

4

required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Mr. Webb contends that this federal court has jurisdiction over this matter under 28 U.S.C. § 1332, because he is a resident of the State of Michigan and the defendants are both residents of the State of Ohio. Although the parties are diverse and the amount in controversy, in theory, exceeds the jurisdictional threshold, this case falls squarely within the probate exception to diversity jurisdiction. See Lepard v. NBD Bank, 384 F.3d 232, 237 (6th Cir. 2004). Federal courts lack jurisdiction to probate a will, administer an estate or trust, or address questions within the province of the probate court. Id.

In addition, United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16

---

[3] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

(1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999); see also, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, it is clear that the injuries Mr. Webb claims to have sustained are from the state court judgments themselves. All of the allegations concern specific grievances

6

that the law was incorrectly applied to his cases, and are clearly predicated on his belief that Judge Puffenberger was mistaken in rendering his decisions against Mr. Webb.  Moreover, Mr. Webb requests as relief that the state judgments be declared unconstitutional and their execution enjoined. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him.  This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested.  Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

Furthermore, to the extent that Mr. Webb seeks to litigate this matter anew, he is barred from doing so.  A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state.  28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002).  Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were raised or which could have been raised in the first lawsuit. National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990).  The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it.  Id.  Once the case has concluded with a judgment, the parties are precluded from litigated that matter for a second time.  Id.  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  Allen v. McCurry, 449 U.S. 90, 94 (1980).  The Ohio courts have already probated Clifford Webb's Will, have approved the distribution of the estate assets, and have found Richard Webb's attempts to challenge the Will to be without merit.  This court is bound to give full faith and credit to the decisions of those courts.

Finally, even if this court had jurisdiction to consider Mr. Webb's constitutional

challenges, his complaint would be unable to proceed because it is untimely. Ohio's two year statute of limitations for bodily injury applies to claims of violations of the constitution in a civil rights action. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The incidents in the complaint place between December 2001 and March 2003. This action was filed on August 10, 2006, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at **1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

## **Conclusion**

Accordingly, Mr. Webb's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.


S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.